In re OPINION OF THE JUDGES.
In re RAY A. JOHNSON.

No. A-6113. Opinion Filed March 13, 1926.
(244 Pac. 50.)

To His Excellency, Governor of the State of Oklahoma—Sir: In response to your official communication of March 4, 1926, asking for an opinion as provided in section 2786, Comp. Stat. 1921, in the matter of the conviction of Ray A. Johnson upon a charge of the crime of murder in the district court of Grant county on the 26th day of January, 1926, and who was by the judgment of said court on said date sentenced to be put to death by electrocution on the 22d day of April, 1926, we hereby submit the following opinion of the judges:

EDWARDS, J. The record submitted, and to which is attached your request above mentioned, discloses that the said Ray A. Johnson was charged with murder by information in the district court of Grant county, and that said information was filed in said court on the 25th day of July, 1925. Under the Constitution and laws of this state, any person convicted of a felony

may appeal within six months from the time judgment is rendered. Section 2808, Comp. Stat. 1921. By the provisions of this section of the statute, the defendant, if he takes proper steps, may perfect an appeal to this court. It has been the uniform holding of this court that the provision of section 2786 of the statute of this state contemplates an advisory opinion where an appeal has not been taken from the judgment and sentence of death. To render an advisory opinion where an appeal has been taken, or where the time given for appeal has not expired and appeal might be perfected, would be to prejudge a case upon an ex parte proceeding, which might later be brought before the court upon an appeal. We cannot assume that the defendant will not appeal until the time for such appeal shall have expired or the right to appeal shall have been expressly waived. In order that the defendant shall not be deprived of his right to appeal within six months, the execution of the sentence of death should be postponed to some date after July 26, 1926. If, in the meantime, the appeal is perfected and filed in this court, such appeal will automatically give the accused the right to a further suspension of the execution of sentence until the appeal shall be determined upon its merits.

BESSEY, P. J., and DOYLE, J., concur.